# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      Plaintiff,

    -vs-                                                   Case Nos. 14-C-431
                                                             08-CR-124

**GLYNNIS K. GREENE,**

      Movant.

# DECISION AND ORDER

In 2008, Glynnis Greene was charged with one count of aiding and abetting an armed bank robbery and one count of aiding and abetting the use of a firearm during that robbery. Greene pled guilty to both charges. She also pled guilty to a separate robbery charge brought in Case No. 08-CR-83. Greene was sentenced to 46 months on the robbery charges and 84 months on the brandishing charge. The 46-month sentences were concurrent, but the 84-month sentence was consecutive to the 46-month sentences for a total of 130 months imprisonment. In this action for habeas relief under 28 U.S.C. § 2255, Greene challenges the sentences imposed for aiding and abetting the armed robbery. *See* 18 U.S.C. § 2113 (Bank robbery and incidental crimes); 18 U.S.C. § 924(c) (imposing penalties against a person who "during and in relation to any crime of violence or drug

trafficking crime …, uses or carries a firearm"). If Greene is correct with regard to the § 924(c) conviction, she is entitled to immediate release from prison.[1]

Greene's conviction became final years ago, but the one-year limitations period can also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Greene filed her motion one month after the Supreme Court held that in order to gain a conviction for aiding and abetting a § 924(c) offense, the government must prove that the defendant "actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond v. United States*, 134 S. Ct. 1240, 1243 (2014). The government concedes that it cannot make this showing with respect to Ms. Greene. The government also concedes that Greene's procedural default must be excused because she is "actually innocent" of aiding and abetting the § 924(c) violation in this case in light of *Rosemond. See House v. Bell*, 547 U.S. 518 (2006).

---

[1] The special assessment would also be reduced from $200 to $100 in Case No. 08-CR-124.

Thus, if *Rosemond* applies retroactively, Greene's § 924(c) conviction must be vacated. To date, no court has found that *Rosemond* should apply retroactively to cases on collateral review. In fact, the existing case law (sparse as it is) suggests that *Rosemond* does not apply retroactively. *See, e.g., Montana v. Cross*, No. 14-cv-1019-DRH, 2014 WL 5091708, at *3 (S.D. Ill. Oct. 10, 2014) (collecting cases). By contrast, the government herein actually agrees with Greene that *Rosemond* should apply retroactively. The Court concurs.

In *Teague v. Lane*, 489 U.S. 288 (1989), the Supreme Court "laid out the framework to be used in determining whether a rule announced in one of [its] opinions should be applied retroactively to judgments in criminal cases that are already final on direct review." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). Under *Teague*, an "old rule" applies on direct and collateral review, but a "new rule" is "generally applicable only to cases that are still on direct review." *Id.* (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987)). A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Id.* (citing *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

Both parties look to *Bousley v. United States*, 523 U.S. 614 (1998) for

guidance. In *Bousley*, the Supreme Court considered whether *Teague* precluded a habeas petitioner from seeking relief under *Bailey v. United States*, 516 U.S. 137, 144 (1995), which held that § 924(c)(1)'s "use" prong requires the government to show "active employment of the firearm." The Court found that the claim was not "*Teague*-barred" because *Teague* is "inapplicable to the situation in which this Court decides the meaning of a criminal statute enacted by Congress." 523 U.S. at 620. "[D]ecisions of this Court holding that a substantive federal criminal statute does not reach certain conduct, like decisions placing conduct 'beyond the power of the criminal law-making authority to proscribe,' necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'" *Id.* Thus, the Court held that it would be "inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in *Bailey* in support of his claim that his guilty plea was constitutionally invalid." *Id.* at 621.

Prior to *Rosemond*, the government could obtain a § 924(c) aiding and abetting conviction by proving that the defendant either knew or *should have known* that a firearm would be used in an underlying crime of violence. *United States v. Woods*, 148 F.3d 843, 846 (7th Cir. 1998) (citing *United States v. Spinney*, 65 F.3d 231, 237 (1st Cir. 1995) (constructive

knowledge is sufficient). Constructive, not actual knowledge, is the best the government can prove in this case. Ms. Greene, a teller at the bank, was hiding in the bathroom when the robbery was occurring. She was involved in the general planning and logistics of the robbery, giving the robbers inside information on the bank and its employees, tipping them off to the timing of a large cash delivery, and supplying the getaway car and a stash house for the proceeds. Importantly, Greene told her co-actors that the security guard was typically unarmed, which supports the inference that Greene thought a firearm was unnecessary. Therefore, the government cannot prove, as required by *Rosemond*, that Greene possessed "advance knowledge that a confederate would use or carry a gun during the crime's commission." 134 S. Ct. at 1243. *Rosemond*, just like *Bailey*, applies retroactively because it places certain conduct — planning a crime of violence without *actual* (as opposed to imputed or constructive) knowledge that a gun would be used — beyond the authority of the criminal law to proscribe. To hold otherwise would impose "a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose…" *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004).

Greene argues that her guilty plea should be vacated not just on the

§ 924(c) charge, but also on the § 2113 charge. As the government argues, whether *Rosemond* requires vacating Greene's conviction for aiding and abetting a § 2113(d) violation is largely academic because the sentence for that charge runs concurrent to the sentence for the § 2113(a) violation in Case No. 08-CR-83. The only distinction is that the former conviction carries a longer term of supervised release (5 years) than the latter (3 years). Given the similarity of the statutory provisions at issue, the logic of *Rosemond* might be extended to a § 2113(d) violation. § 924(c) (prohibiting "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime"); § 2113(d) ("Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) [i.e., a bank robbery], … puts in jeopardy the life of any person by the use of a dangerous weapon or device,…" is subject to penalties). Then again, these provisions are not identical. It is different to say, under *Rosemond*, that a defendant has advance knowledge that a robbery cohort will be using or carrying a firearm than it would be to say, under the logic of *Rosemond*, that a defendant has advance knowledge that a cohort would jeopardize any lives by using a weapon that is actually dangerous. If, for example, the bank robbers were carrying fake weapons, or weapons that weren't loaded, advance knowledge of those facts would support an aiding and abetting

conviction under § 924(c), but not under § 2113(d). Hypotheticals aside, the Court will not overstep its authority by extending *Rosemond* beyond its actual holding. On collateral review, the Court's only inquiry is whether the precise holding of *Rosemond* applies retroactively. It does, but the § 2113(d) conviction will stand.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Greene's § 2255 motion is **GRANTED** with respect to Count 2 of the indictment, but **DENIED** with respect to Count 1. The judgment of conviction on Count 2 is **VACATED**. The Clerk of Court is directed to enter judgment in this case. The Clerk is also directed to amend the judgment in Case No. 08-CR-124 to reflect that the Count 2 conviction is vacated;

2. To reiterate, the practical effect of this disposition is that Greene's prison term is reduced from 130 months to 46 months. Since Greene has already served in excess of 46 months, the Bureau of Prisons is directed to release Greene from prison as soon as possible.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2015.

**BY THE COURT:**

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**